UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **ANDRE LEWIS,** | : | Civil Action No. 07-1592 (GEB) |
| Plaintiff, | : | |
| v. | : | |
| P. WILLIAMS, et al., | : | |
| Defendants. | : | |
| **ANDRE LEWIS,** | : | Civil Action No. 07-3663 (JAP) |
| Plaintiff, | : | |
| v. | : | |
| LAZARUS VITON, et al., | : | |
| | : | O R D E R |
| Defendants. | : | |

This motion having come before the Court upon motion by Defendants, Devon Brown, Steve Alaimo, Gregory Carbonaro, James D'Amore, Anthony Degner, Phillip Lampitt, James Liik, Sr., Guiseppe Mandora, Lazaro Viton, Ronald Cathel and Paul Williams seeking to Consolidate Civil Action No. 07-3663(JAP) with Consolidate Civil Action Number 07-1592(GEB) [dkt. entry no. 57], returnable September 2, 2008; and Plaintiff having opposed the motion to consolidate [dkt. entry no. 61]; and Defendants stating that the Plaintiff's two Complaints pose similar legal and factual issues, name similar parties, and seek identical causes of action, specifically Plaintiff alleges he was the victim of excessive force and that he was denied due process in the two incidents both of which occurred at the New Jersey State Prison (*See* Defs.' Br. at 3-4); and Defendants further arguing that consolidation of these two matters would foster judicial economy and a conservation of resources as well as reduce the costs of

litigation to the litigants; and Plaintiff arguing that his two Complaints are based upon two separate and distinct incidents, thus consolidation would confuse the issues, perplex a jury, and greatly disadvantage and prejudice him (Pl.'s Opp'n Br. at 3-4); and Plaintiff also arguing that Defendants have failed to demonstrate how consolidating these two matters would promote judicial efficiency and conserve resources *Id*. at 3, 5; and the Court noting that "[w]hen actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay" *See* Fed. R. Civ. P. 42(a); and the Court finding that Consolidation is appropriate because these cases involve common questions of law and fact and consolidation will avoid duplicative litigation; and the Court having reviewed the parties' written submission; and the Court having considered the matter pursuant to Fed. R. Civ. P. 78; and good cause having been shown;

**IT IS** on this 10th day of September, 2008,

**ORDERED** that Defendant's Motion to Consolidate case 07-3663(JAP) with case 07-1592 (GEB) [dkt. entry no.57] is **GRANTED**, and it is

**FURTHER ORDERED** that the cases are hereby consolidated under Civil Action No. 07-1592(GEB)(JJH).

    *s/ John J. Hughes*
    **JOHN J. HUGHES**
    **UNITED STATES MAGISTRATE JUDGE**